In re PRUDENCE–BONDS CORP.

EDDY v. PRUDENCE REALIZATION CORP. et al.

No. 55, Docket 22075.

United States Court of Appeals Second Circuit.

Argued Oct. 11, 1951.

Decided Nov. 20, 1951.

4.  See California Powder Works v. Atlantic & P. R. Co., 1896, 113 Cal. 329, 45 P. 691, 36 L.R.A. 648.

Samuel Silbiger, Brooklyn, N. Y., for appellant George E. Eddy.

Charles M. McCarty, New York City, for appellee Prudence Bonds Corp., New Corp.

Irving L. Schanzer, New York City, for appellee Prudence Realization Corp.

Macley, Lyeth & Williams, New York City, J. M. Richardson Lyeth, New York City, for appellee President and Directors of Bank of Manhattan Co.

Before AUGUSTUS N. HAND, CHASE and WOODBURY, Circuit Judges.

CHASE, Circuit Judge.

So many appeals have been taken to this court in these reorganization proceedings that familiarity with our previous opinions will be assumed in stating the facts which are necessary to make intelligible the question now presented.

Stated broadly it is whether, after payment or provision for payment of the principal and interest due on all the Ninth Series bonds actually held by the public has been made, funds remaining in the Ninth Series Trust Fund are distributable in payment of subordinated bonds of that series held by the appellee. More precisely it is whether formerly publicly held Ninth Series bonds, which were purchased by the Ninth Series Retirement Fund at less than par and accrued interest, must continue to be treated, as the appellant contends, as publicly held bonds and, therefore, satisfied in full before there can be any funds applicable to the payment of the subordinated bonds. The relevant facts are as follows:

The so-called Ninth Series is one of eighteen series of bonds which this debtor had issued and which were outstanding when the proceedings for its reorganization were begun in June 1934. The bonds of each series were secured by a trust fund and were guaranteed, originally by the Prudence Company, Inc., and subsequently, by the appellee, The Prudence Realization Corporation, as the successor in reorganization of the original guarantor.

This debtor's over-all confirmed plan consists of the General Plan which covers all the series of bonds, a separate plan for each series, and a Supplemental Trust Agreement for each series. The Amended Plan of Reorganization for the Ninth Series, Sec. 6, and the Supplemental Trust Agreement for that series, Article IV, Secs. 3, 4, 5 and 6 provide, *inter alia,* for the estab-

lishment of a Retirement Fund to consist of collections of principal from the collateral held in the Trust Fund to be used for the purchase and retirement before maturity, of Ninth Series bonds. Section 7 of Article IV of the Agreement provides that, "All bonds purchased out of moneys in the Retirement Fund * * * shall be cancelled by the Trustee and delivered to the Corporation, unless the Trustee shall have previously received a request from the Corporation * * * for some other treatment and such request is approved by the Trustee; provided, however, that such other treatment shall subordinate them to all other bonds."

Money became available in the Ninth Series Retirement Fund and publicly held bonds in the principal amount of $683,080.00 were purchased at a cost of $348,179.33. Since there is nothing to show that these Ninth Series retired bonds were accorded "other treatment" upon the required approved request, presumably they were cancelled when retired.

After these bonds had been retired and the principal and interest on the remaining publicly held bonds had been paid, or the payment provided for, there was left in the Ninth Series Trust Fund a surplus of approximately $275,000.00. However, certain allowances remained to be fixed and paid and, on July 7, 1948, the court ordered further payments out of the principal account of the Trust Fund stayed.

The appellee, The Prudence Realization Corporation, held $105,700.00 principal amount of the Ninth Series bonds which it had received upon the reorganization of its predecessor corporation. The bonds held by the guarantor were subordinated to the publicly held bonds pursuant to an order of the reorganization court dated July 21, 1937 and it was provided in the Ninth Series Plan Sec. 11, and in the Supplemental Trust Agreement, Article II, Sec. 10, that subordinated bonds should not be "the subject of tender, purchase or retirement * * nor shall any payments of principal or interest be payable thereon * * * until the publicly owned or held bonds have been fully paid, purchased or retired * * *".

On July 20, 1950, the debtor, Prudence-Bonds Corporation, filed a petition for an order vacating the stay of distribution from the principal account of the Ninth Series Trust Fund to the extent necessary to pay the principal amount of these subordinated bonds. Due notice was given and, no one appearing in opposition, the court, on July 28, 1950, ordered $105,700.00 paid to the Prudence Realization Corporation. No appeal was taken from that order and the payment was made.

Previously, on June 27, 1950, Prudence Realization Corporation had filed a petition for an order directing the payment to it of an amount from the principal account of the Ninth Series Trust Fund. The basis for the claim in that petition is not presently relevant but this appellant's attorney was served with that petition on September 15, 1950 and opposed it. He also filed a counterclaim for the return of the $105,700.00 which the appellee had received from the Trust Fund. That petition was denied and so was the claim for the return of the $105,-700.00. Thereafter, by an order to show cause dated December 7, 1950, this appellant attempted to have the order of July 28, 1950 vacated and the amount paid on the subordinated bonds restored to the Trust Fund. It is from the order denying this petition that this appeal is taken.

Since the appeal is from an order refusing to vacate a previous order made on default, and there appears to have been no abuse of discretion in denying the petition, we might put an affirmance on that ground. However, a review on the merits arrives at the same result.

The appellant presents, in substance, two arguments. The first is that the subordinated Ninth Series bonds are subordinated to the publicly held bonds of all the series and, hence, could not be paid until all of the publicly held bonds of all the series were paid. In support of this he relies upon a partial quotation from the subordination order, dated July 21, 1937, which states: "[The subordinated bonds] are not entitled to share in the collateral securing the Eighteen Series of Prudence-Bonds and the proceeds thereof * * * on a parity

with such of said Prudence-Bonds as are held by the general public; that such Prudence-Bonds held by the said Trustee of The Prudence Company, Inc. are not enforceable obligations either as to principal or interest against their respective trust funds, or the proceeds thereof, until all other Prudence-Bonds in the hands of the general public have been paid or provided for in full, both as to principal and interest heretofore accrued or hereafter accruing * * *"; and upon Section IV of the General Plan which states, "In the event that * * * all the bonds of any such series shall have been retired and there shall remain a surplus of collateral, such surplus, and any other like surplus in any other such series, as and when liquidated into cash, shall be distributed among and become part of the respective retirement funds set up under plans for the remaining series * * * to the end that all of said surpluses shall be used to ensure, as far as possible, the retirement of all said bonds of all of said series so reorganized under such plans as soon as possible."

Provisions substantially identical with this section of the General Plan were included in the Supplementary Trust Agreements for all the various series and each, the appellant insists, was the consideration for the other and was adopted because it was not known which series might be a deficit series. Construing these two provisions together, the appellant contends that the funds used to pay in full the bonds purchased for retirement are surplus collateral in the Ninth Series Trust Fund and, consequently, are distributable among the Trust Funds of the other series of Prudence Bonds and thus inure to the benefit of the public holders of those bonds, of which he is one.

It is sufficient, to dispose of this argument, to note that the remainder of the section quoted from in the order of July 21, 1937 clarifies the meaning of the phrase "all other bonds in the hands of the general public," the acceptance of the literal meaning of which is the premise of the appellant's argument. That provision continues, "* * * but if and when and only after all other Prudence-Bonds in the hands of the general public *in a particular series* have been paid or provided for in full, both as to principal and interest, as aforesaid, then, and in that event only, said Prudence-Bonds held by said Trustees of the Prudence Company, Inc. *in that particular series* are entitled to share in the said collateral and the proceeds thereof as aforesaid." (Emphasis added.)

That subordination extended only to the publicly held bonds of the Ninth Series is also indicated by the subordination section of the Ninth Series Supplementary Trust Agreement, Article II, Sec. 10 which states that "the bonds owned or held by [Prudence Company, Inc.] * * * are, in respect to the right to participate in the proceeds of the Collateral, subordinate to the other bonds * * *". However, here we have a definition of "Bonds" as meaning Ninth Series Bonds. Article I, Sec. 8 of the Supplementary Trust Agreement. Hence, it is abundantly clear that this subordination is only as to the publicly held Ninth Series bonds.

This does not, however, answer the appellant's second contention. That is to the effect that the subordinated bonds are not entitled to be paid until all of the publicly held Ninth Series bonds are paid in full and that retirement at less than their face value does not meet this requirement. If this is so, the distribution that was made of the $105,700.00 was erroneous.

There is no definition of "paid in full" in any of the instruments which govern this proceeding. And, as we said in Eddy v. Prudence-Bonds Corp., 2 Cir., 165 F.2d 157, 162, concerning this requirement, the provision "was at best equivocal". However the provisions of the Supplementary Trust Agreement read in connection with the subordination order, the General Plan and the separate Ninth Series Plan, dealing with the distribution of the trust fund collateral, clearly indicate that "paid in full" was not to be read as meaning "paid in an amount equal to the face value" insofar as the right of a holder of subordinated bonds to be paid was concerned. Retirement in accordance with the plans and the agree-

ment, whether at or below the amount of principal then due upon the retired bonds, was sufficient. Section 10 of Article II of the Supplementary Trust Agreement states: "[The subordinated bonds] shall not be the subject of tender, purchase or retirement * * * nor shall any payments of principal or interest be payable thereon * * until the publicly owned or held Bonds have been fully paid, purchased *or retired* by the Corporation." (Emphasis added.)

As stated above, "Bonds" is defined as Ninth Series bonds. Therefore, the clear implication of the above is that whenever the publicly held Ninth Series bonds had all either been fully paid, purchased *or retired* the subordinated bonds of that series would next be entitled to have any remaining surplus applied to their payment in full or in part. And, since the retirement provisions expressly provided for retirement at less than the amount of principal then due, Supplementary Trust Agreement, Article IV, Sec. 5, it is no bar to the distribution on behalf of the subordinated bonds here involved that publicly held bonds were retired for less than their face value. Hence, contrary to the assertion of the appellant, the rights of a holder of subordinated bonds were not accelerated by the retirement of the publicly held bonds; rather, the condition precedent to their payment was satisfied.

We conclude, therefore, that the Ninth Series subordinated bonds were subordinated only to the publicly held Ninth Series bonds, and that whenever all Ninth Series publicly held bonds were fully paid, purchased *or retired* their lien upon the Trust Fund collateral was extinguished for all purposes and the holders of Ninth Series subordinated bonds were then entitled to be paid.

There is pending a petition by the appellee in the reorganization proceedings of the original guarantor, The Prudence Company, Inc., to resolve a dispute as to the meaning of a part, or parts, of the plan of reorganization of that debtor but there is no apparent reason why that should effect the disposition of this appeal now.

Order affirmed.