## PRUDENCE REALIZATION CORP. v. PRUDENCE–BONDS CORP.

### No. 255, Docket 22317.

Circuit Court of Appeals, Second Circuit.

Argued May 13, 1952.

Decided July 18, 1952.

Charles M. McCarty, New York City, for Prudence-Bonds Corp. (New Corp.), appellant-appellee.

Samuel Silbiger, Brooklyn, for appellant, George E. Eddy. Arthur L. Feinstein, New York City, argued.

Charles Trynin, New York City, for appellant James L. White.

J. M. Richardson Lyeth, Maclay, Lyeth & Williams, New York City, for respondent President and Directors of Manhattan Co.

Irving L. Schanzer, New York City, for Prudence Realization Corp., appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

After our mandate had gone down following our decision in Prudence Realization Corporation v. Prudence-Bonds Corporation, 2 Cir., 189 F.2d 931, an appeal from a prior order by the same court was heard here and decided in Eddy v. Prudence Realization Corporation, 2 Cir., 192 F.2d 440. Familiarity with those decisions will be taken for granted as well as with the former decisions of this court in these long protracted proceedings.

The order now under review was made on January 24, 1952, after hearing upon petitions filed by Prudence Realization Corporation, the President and Directors of The Manhattan Company and George E. Eddy, a "public" bondholder, to carry out the requirements of our above mentioned mandate with due regard to our subsequent decision above mentioned. The order modified and amended orders previously made by the reorganization court on July 7, 1948 to govern the distribution of the remainder of the collateral in the trust funds which secured Prudence-Bonds, Series AA, Third to Eighteenth Series, inclusive, by providing that "when the public bondholders of the respective Series have received payment in full of the principal and interest on their bonds of such Series, irrespective of whether payment was received out of said respective trust funds or from Prudence Realization Corporation, the next order of payment, after payment or provision for payment of all proper fees and expenses, shall be on account of principal and interest on the subordinated bonds of the Series held by Prudence Realization Corporation, and then the balance remaining in the Fifth Series and Ninth Series Trust Funds, respectively, shall be paid to the President and Directors of The Manhattan Company in partial satisfaction of its subordinated liens on such Series Trust Funds." It denied a counterclaim in the answer of Prudence-Bonds Corporation (New Corporation) and denied the petition of George E. Eddy. It authorized and directed Prudence-Bonds Corporation (New Corporation) and City Bank Farmers Trust Company, as trustee, to make the payments and do all things necessary to carry out the provisions of the order, staying until further order, however, payments to be made to Prudence Realization Corporation and to the President and Directors of the Manhattan Company if a timely appeal were taken by Prudence-Bonds Corporation (New Corporation).

Such an appeal was taken and also one by Prudence Realization Corporation, one by Eddy and one by James L. White, another "public" bondholder.

The order was in accordance with our previous decisions in these proceedings. The appeal of Eddy presents nothing of substance not already decided adversely to him in Eddy v. Prudence Realization Corporation, supra, and appellant White raises no issues requiring additional comment. The appeal of Prudence Realization Corporation but submits again its claim based upon its theory of subrogation which was denied in Prudence Realization Corporation v. Prudence-Bonds Corporation, supra, and that of Prudence-Bonds Corporation (New Corporation) is also without merit in view of our decision last mentioned.

Order affirmed.